UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| LOUIS R. REIMER, ) | Case No. 6:09-bk-06090-KSJ |
| ) | Chapter 13 |
| Debtor. ) | |
| ) | |
| LOUIS R. REIMER, ) | |
| ) | |
| Plaintiff, ) | Adversary No. 6:09-ap-840 |
| vs. ) | |
| ) | |
| DEBORAH J. REIMER, ) | |
| ) | |
| Defendant. ) | |
| ) | |

MEMORANDUM OPINION ON DISCHARGEABILITY OF DOMESTIC
SUPPORT OBLIGATIONS AND EQUITABLE DISTRIBUTION OF PROPERTY

This adversary proceeding came on for trial on July 29, 2010, to consider the complaint filed by the debtor/plaintiff, Louis R. Reimer, against his former wife, the defendant, Deborah J. Reimer, brought under § 523(a)(5) and (15) of the Bankruptcy Code.[1]  The debtor now agrees that his alimony and child support obligation, as determined by the Florida state court in his divorce, is a non-dischargeable priority claim pursuant to §§ 507(a)(1)(A) and 523(a)(5) of the Bankruptcy Code.  The parties dispute, however, whether payment of approximately $70,000, determined by the state court to evenly divide the parties' assets and liabilities (the "Property Award"), is also dischargeable.  The Court concludes that, because the Property Award is not a "domestic support obligation" under § 523(a)(5), the Property Award is a dischargeable non-priority unsecured debt under § 523(a)(15) and 1328(a).

---

[1] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

At trial, the Court found that, when the state court entered the Property Award, the debtor was required to pay his former wife a lump sum payment of $70,245.51 "to effectuate an equitable distribution of all marital assets and liabilities" as listed on a detailed chart. Plaintiff's Exhibit No. 1. Payment of this amount was due in one lump sum within 60 days of the entry of the Final Judgment in the parties' divorce. The payment obligation is not subject to termination upon Ms. Reimer's death or remarriage. The Court rejects the defendant's arguments that the Property Award was a disguised form of support. As such, the Court concludes that the Property Award is in the nature of a property settlement and does not constitute a "domestic support obligation" as defined in § 101(14A) of the Bankruptcy Code.

The issue then is whether the Property Award, crafted to equitably divide assets and liabilities between the spouses, is dischargeable in this Chapter 13 case. Prior to 2005, debtors could discharge property divisions, such as this one, only after meeting two prongs of a balancing test that required a court to look at the debtor's ability to pay the sum and the prejudice caused to the non-filing ex-spouse. *E.g., Philips v. Philips (In re Philips)*, 187 B.R. 363, 368 (Bankr. M.D. Fla. 1995). On October 17, 2005, the rules changed with the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. In a Chapter 7 liquidation case, a debtor no longer can discharge a property award, i.e., monies due between former spouses that are NOT alimony or child support, pursuant to § 523(a)(15). No balancing test is required.

In a Chapter 13 wage earner reorganization case, however, a debtor *can* discharge property division payments pursuant to § 1328(a), as long as the debtor ultimately receives a discharge. Generally, under § 1328(a), a Chapter 13 debtor is entitled to a discharge of most debts after completion of plan payments. Section 1328(a)(2) does except from discharge "debts of the kind specified in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), and (9) of § 523(a)," but does not except property awards encompassed within § 523(a)(15). Thus, while § 1328(a)(2)

makes clear that "domestic support obligations" under § 523(a)(5) are non-dischargeable, this section does *not* except from discharge other types of debt owed to a former spouse listed in § 523(a)(15). *See, e.g.*, *In re McCollum*, 415 B.R. 625, 629 (Bankr. M.D. Ga. 2009); 4 Collier on Bankruptcy ¶ 523.23 (16th ed. 2009). Therefore, courts consider equitable distributions or marital property settlements dischargeable in a non-hardship discharge under § 1328(a) because § 523(a)(15) is not included in the list of debts excepted from discharge under § 1328(a)(2).

A Chapter 13 debtor is entitled to a discharge under § 1328(a), however, only after confirming a Chapter 13 plan, complying with all the requirements of the Bankruptcy Code, and, significantly, devoting all of his or her net disposable income to pay debts during the pendency of a case, often lasting five years. Therefore, a Chapter 13 debtor is required to pay his unsecured creditors, including former spouses due monies under property division orders, during the course of a Chapter 13 case. In reality, many debtors cannot afford to pay their unsecured creditors in full; however, to receive a discharge under § 1328(a) they are obligated, during the case, to pay every dollar they can to their unsecured debts.

In this case, the debtor's Chapter 13 plan provides for payment of his priority, secured, and unsecured claims. The plan properly treats Ms. Reimer's domestic support obligation in the amount of $23,500 as a priority claim under § 507(a)(1)(A). Because the Property Award is not a "domestic support obligation" as defined by § 101(14A), it is not a priority claim under § 507(a)(1)(A), and should instead be treated as an unsecured claim. Under the plan, unsecured creditors, including Ms. Reimer with respect to the Property Award, will receive a very small distribution of approximately 3% on their claims. Assuming the debtor's plan is confirmed and he makes all the required payments, he will receive a discharge and will have no further obligation to Ms. Reimer under the Property Award. The Property Award then is discharged only upon completion of this case and the entry of a discharge, several years from now. If the

debtor fails to obtain a discharge, for any reason, Ms. Reimer shall retain the right to collect from the debtor any balance remaining on the Property Award.  A Final Judgment consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, on August 6, 2010.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies provided to:

Debtor/Plaintiff:  Louis R. Reimer, 6198 Linneal Beach Drive, Apopka, FL  32703

Attorney for Debtor/Plaintiff:  L. Todd Budgen, PO Box 3229, Orlando, FL  32802

Pro se Defendant:  Deborah J. Reimer, 454 Rockefeller Drive, New Smyrna Beach, FL  32168